UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARCY K. WATSON,<br><br>        Plaintiff,<br><br>    v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social Security,<br><br>        Defendant. | No. C06-0514-JCC-MJB<br><br>ORDER |

    This matter comes before the Court on Plaintiff's application for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), the Report and Recommendation of United States Magistrate Judge Monica J. Benton ("R&R") (Dkt. No. 15), and Plaintiff's Objections to the R&R (Dkt. No. 16). Having reviewed the materials submitted by the parties, and finding that oral argument is not necessary, the Court hereby finds and rules as follows.

**I.    BACKGROUND**

    Plaintiff filed an application for Supplemental Security Income ("SSI") on May 30, 2003 (Record ("R.") 30), alleging disability since December 21, 2002 (R. 74) based on arthritis, curvature of the cervical spine, muscle and joint stiffness, swelling, tightness, and redness and sensitivity of the legs. (R. 38.) The claim was denied initially (R. 33) and on reconsideration (R. 38). Administrative Law Judge

ORDER – 1

(ALJ) Marguerite Schellentrager held a hearing on March 30, 2005, and took testimony from both Plaintiff and vocational expert Michael Swanson. (R. 273.) The ALJ issued an unfavorable decision on July 12, 2005, determining that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 16.) The Appeals Council denied Plaintiff's request for review on February 11, 2006, making the ALJ's decision the final decision of the commissioner. (R. 5.) Magistrate Judge Monica J. Benton issued an R&R, recommending that this court affirm the Commissioner's decision. Plaintiff filed her objections to the R&R on February 16, 2007, claiming that the ALJ (1) failed to fully develop the record regarding Plaintiff's alleged fibromyalgia, degenerative joint disorder, and sleep apnea, (2) did not have substantial evidence to support her finding that the Plaintiff lacked credibility, and (3) failed to conduct a pain analysis. (Objections (Dkt. No. 16).)

## II.    STANDARD OF REVIEW

This Court reviews the record *de novo* when considering objections to a magistrate judge's R&R. *See* 28 U.S.C. § 636(b)(1). A denial of disability benefits may be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Benton ex. Rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003); *see also Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995). Substantial evidence means "more than a scintilla, but less than a preponderance," *Bustamente v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999)), or "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (quoting *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989)).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995) (citing *Magallanes*, 881 F.2d at 750). If there is more than one rational interpretation of the evidence, the ALJ's conclusion must be upheld. *Burch*, 400 F.3d at 679; *see Andrews*, 53 F.3d at 1039–40.

//

ORDER – 2

## III. ANALYSIS

Plaintiff contends that (1) the ALJ did not fully develop the record when she did not order further testing and examinations upon findings of "possible" fibromyalgia and "probable" sleep apnea by consulting physicians and a diagnosis of arthritis and degenerative joint disease by the treating physician; (2) the ALJ did not have clear and convincing reasons to find Plaintiff to be not credible; and (3) the ALJ did not properly conduct a pain analysis as required by Social Security Ruling (SSR) 96-7p (1996).

### A. Developing the Record

Although Plaintiff bears the burden of proving her disability, 42 U.S.C. § 423(d)(5)(A), the ALJ has an affirmative duty to fully and fairly develop the record. *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005) (citing *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)). This duty is triggered by "ambiguous evidence, the ALJ's own finding that the record is inadequate or the ALJ's reliance on an expert's conclusion that the evidence is ambiguous." *Webb*, 433 F.3d at 687. Thus, Plaintiff's burden of proof must be evaluated in conjunction with the Social Security Administration's duty to develop a complete medical history for claimants, 42 U.S.C. § 423(d)(5)(B) (as amended October 9, 1984), and to obtain missing information from consultative exam reports, 20 C.F.R. § 416.919p(b).

#### 1. Fibromyalgia

During a consultative examination ordered by the Social Security Administration, the doctor conducted a partial test for fibromyalgia. (R. 193.) The appropriate test for fibromyalgia consists of an eighteen-point pressure test, and a diagnosis of fibromyalgia is given if pain is felt with respect to at least eleven points. *See Sarchet v. Chater*, 78 F.3d 306, 306–07 (7th Cir. 1996). In this case, the consulting physician conducted a ten-point test, and pain was felt at eight of those points. (R. 193.) He then gave a diagnosis of "possible fibromyalgia with multiple trigger points." (R. 194.) The physician does not explain why a full eighteen-point test was not conducted, although he mentions that the examination was limited because the claimant was in discomfort. (R. 193.) The ALJ held that the test is "not conclusive and lacks objective medical evidence," and that therefore "the evidence is insufficient to support this

ORDER – 3

diagnosis as a medically determinable impairment." (R. 23.)

Neither side disputes that the appropriate fibromyalgia test consists of eighteen points and that only ten were administered to Plaintiff. The ALJ does not put forth any reason for finding that claimant does not have fibromyalgia other than the inconclusive diagnosis resulting from the incomplete test. It was impossible for Plaintiff to meet the threshold of eleven points because the Social Security Administration's consulting physician only administered ten points, and therefore Plaintiff cannot be faulted for failing to present evidence of fibromyalgia. When the evidence is ambiguous or the ALJ finds the record incomplete, the ALJ has an affirmative duty to complete the claimant's medical record. *Webb*, 433 F.3d at 687. In the face of an ambiguous diagnosis and incomplete test on the record, the ALJ had an affirmative duty to fully and fairly develop the claimant's medical record. *See also* 20 C.F.R. § 416.919p(b) (regarding missing information in consultative reports). Because that duty was not met, the matter shall be REMANDED for a complete fibromyalgia test.

### 2. Sleep Apnea

The ALJ held that the claimant "was being evaluated for sleep apnea" but that there were "no objective medical findings to establish this as a medically determinable impairment." (R. 23.) Plaintiff was referred to the Swedish Sleep Medicine Institute and was initially diagnosed with "probable" sleep apnea. (R. 253.) She was told not to drive and was scheduled for an additional examination. (R. 253.) She did not attend the follow-up examination, allegedly because she thought her son had broken his leg. (R. 283.) There is nothing in the record to contradict the diagnosis of "probable" sleep apnea.

Claimants must attend consultative exams unless they have a good reason for not going. 20 C.F.R. § 416.918(a). A death or serious illness in one's immediate family constitutes a good reason. *Id.* § 416.918(b)(4). In this case, the follow-up sleep examination was not a consultative examination ordered by the Social Security Administration. Instead, it was a referral by Plaintiff's treating physician. However, there is evidence that the ALJ treated the referral like a consultative exam because she asked repeatedly about it during the administrative hearing. (R. 283, 306–07.) She stated that it would be

ORDER – 4

helpful to have the results of that exam because it is "likely there could be something there." (R. 307.) The ALJ then ordered the record held open for two weeks so that additional results could be added. (R. 309.) One week after the hearing, Plaintiff informed the ALJ that additional sleep studies would not be available in that time frame. (R. 72.) The ALJ then found that there were not sufficient medical findings to establish that Plaintiff had sleep apnea. (R. 23.)

As with the incomplete fibromyalgia test, there is inadequate and ambiguous evidence regarding Plaintiff's alleged sleep apnea. Absent a finding that Plaintiff did not have a good reason for missing the exam, Plaintiff was entitled to have the results of the follow-up exam included in the ALJ's analysis. The ALJ had an affirmative duty to fully and fairly complete the record by (1) determining whether Plaintiff had a good reason for missing her follow-up exam and (2) ordering a follow-up exam if Plaintiff had a good reason. The ALJ failed to fulfill that duty to complete the record. Accordingly, the matter shall be REMANDED for completion of the record on this issue.

### 3. Degenerative Joint Disease

Plaintiff's treating physician diagnosed her with degenerative joint disorder and referred her for x-rays, but Plaintiff did not follow through on that referral. The ALJ then found that "degenerative disorders of the back/neck are also noted in the record, but there is no objective evidence or imaging to establish these disorders as medically determinable." (R. 23.) As part of Plaintiff's burden of presenting evidence of disability, Plaintiff has the responsibility to attend consultative and, by extension, referral examinations. Because Plaintiff failed to follow through on the referral, it is not compelling for her to now complain that the decision was made without the results of that referral. The ALJ's finding that Plaintiff failed to present objective evidence to support a diagnosis of degenerative joint disease is AFFIRMED, and the Court ADOPTS the R&R as to this issue.

### B. Lack of Credibility

A credibility determination must be based on the entire record. SSR 96-7p (1996). Therefore, if additional medical evidence is obtained upon remand, the ALJ must reevaluate Plaintiff's credibility. If

ORDER – 5

no new medical evidence of impairment is obtained, the ALJ's credibility determination stands because she had clear and convincing reasons for her credibility finding. ALJs must give specific, clear and convincing reasons if they find a claimant to lack credibility. *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). In this case, the ALJ gave specific reasons for her finding that Plaintiff lacked credibility. For example, Plaintiff alleged that she had memory problems (R. 298), but received a discount on her rent for reminding her landlord to take her pills (R. 286). Plaintiff also reported that she had applied to the state to get paid for taking care of her neighbor. (R. 25.) She later reported that she was "going to send in papers for SSI if unable to get paid for caring for friend." (R. 235.) These reasons are clear and convincing, and based on "more than a scintilla" of evidence. The ALJ's finding that the Plaintiff lacked credibility was not in error, but it must be reevaluated if additional medical evidence is obtained on remand. Accordingly, the matter shall be REMANDED for a reevaluation of credibility after completion of the record.

      **C.    Pain Analysis**

Plaintiff contends that the ALJ did not use the detailed pain analysis listed in Social Security Ruling (SSR) 96-7p (1996). SSR 96-7p describes how to evaluate the credibility of an individual and lists seven factors that the ALJ must take into consideration when assessing that credibility. SSR 96-7p does not require ALJs to explicitly describe how they took each of those factors into consideration. Plaintiff does not assert which of the seven factors the ALJ allegedly did not take into account; nor does Plaintiff cite any authority beyond SSR 96-7p. In this case, although the ALJ did not list how she analyzed the factors from 96-7p, she did state "I must consider all symptoms, including pain . . . based on the requirements of . . . SSR 96-7p." Because the ALJ stated that she did consider SSR 96-7p, and without any evidence to the contrary, the Court finds no error in the ALJ's finding that the Plaintiff is not credible. However, as described *supra* section III.B, the ALJ must reevaluate Plaintiff's credibility if any additional objective medical is obtained.

//

ORDER – 6

## IV. CONCLUSION

For the foregoing reasons, the Court hereby ADOPTS the Report and Recommendation IN PART and REMANDS the matter to the Social Security Administration for further proceedings before the ALJ consistent with this Order.  The Clerk is DIRECTED to send copies of this Order to all counsel and to Judge Benton.

SO ORDERED this 3rd day of May, 2007.

　　　　　　　　　　　　　　　　　　　　　　/s/ John C. Coughenour
　　　　　　　　　　　　　　　　　　　　　　John C. Coughenour
　　　　　　　　　　　　　　　　　　　　　　United States District Judge

ORDER – 7